UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARTINEZ ET AL., <br><br> Defendant. | Case No.: 3:14-CV-01042-LAB (WVG) <br><br> **ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT AND AWARD OF ATTORNEYS' FEES AND COSTS** <br><br> **[DOC. NO. 22]** |

Pending before the Court is Plaintiff J & J Sports Productions, Inc.'s ("Plaintiff") Motion to Enforce the Settlement Agreement. (Doc. No. 22.) For the reasons set forth below, Plaintiff's Motion is **GRANTED** and the Clerk of this Court shall **ENTER JUDGMENT** in favor of Plaintiff in the amount of $3,240.00.

I.   **BACKGROUND**

On April 25, 2014, Plaintiff filed a Complaint in this Court against Defendants Rosa I. Martinez and Jose Gabriel Martinez, individually and d/b/a Mariscos El Zurdo ("Defendants"). On December 3, 2014, Plaintiff filed a Notice of Settlement, stating that the parties had settled all claims in their entirety. (Doc. No. 15.) On December 12, 2014, Plaintiff forwarded a Release and Stipulation of Dismissal to Defense counsel. (Doc. No. 22 at 3.) Defense counsel executed the Release documents. (Doc. No. 22 at 3.)

On March 2, 2015, the parties filed a First Amended Joint Motion to Dismiss Plaintiff's Complaint against Defendants.  (Doc. No. 20.)  On March 5, 2015, the Honorable Larry A. Burns, United States District Judge, issued an Order of Dismissal.  (Doc. No. 21.)  In the Order dismissing the case with prejudice, the District Judge granted the parties' joint request for this Court to retain jurisdiction over the case for 18 months from the date of the Order of Dismissal, for the purpose of interpreting and enforcing the parties' settlement agreement.[1]  Id.

## II. PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendants were to pay a certain sum to Plaintiff pursuant to the terms of the settlement agreement.  (Doc. No. 22 at 3; Doc. No. 29 at 2.)  However, Defendants failed to remit all settlement payments as required, and currently owe Plaintiff $2,500.00 under the terms of the agreement.  (Doc. No. 29 at 2.)  Plaintiff's demand for payment has been unsuccessful.  (Doc. No. 29 at 2.)

Additionally, pursuant to the express terms of the settlement agreement, the prevailing party shall be entitled to attorneys' fees and costs incurred in connection with enforcing the settlement agreement.  (Doc. No. 29 at 2.)  Specifically, the settlement agreement provides:

> If any dispute arises relating to this Release and any Party brings an action to enforce its rights under it, then, in addition to such other relief as may be awarded, the prevailing Party shall be entitled to reasonable attorneys' fees and costs incurred in connection with such proceedings.

(Doc. No. 29 at 2.)

On February 23, 2016, Plaintiff filed the instant Motion to Enforce the Settlement Agreement ("Motion").  (Doc. No. 22.)  Defendants did not file an opposition.  In the Motion, Plaintiff requests that this Court grant Plaintiff's Motion and enter judgment

---

[1] In their First Amended Joint Motion to Dismiss, the parties stipulated that this Court shall retain jurisdiction over this action for a period of 18 months from the order of dismissal for the limited purpose of enforcing the settlement reached by the parties.  (Doc. No. 20 at 1.)

against Defendants in the amount of $5,000.00. (Doc. No. 22 at 5.) Plaintiff also requests that the Court allow it to file a petition for attorneys' fees and costs as specifically provided for by the terms of the agreement. (Doc. No. 22 at 5.)

This Court held two telephonic Status Conferences with counsel for all parties on March 7, 2016 and March 17, 2016, to discuss Plaintiff's Motion. On March 17, 2016, the Court issued a briefing schedule and ordered Plaintiff to file a statement of accounting for the total judgment past due under the settlement agreement, including a statement of fees and costs incurred to enforce the agreement. (Doc. No. 22 at 1.). The Court allowed Defendants to file any objections to Plaintiff's statement of accounting by April 4, 2016. Id. at 2. The Court informed the parties that if Defendants failed to file any objections, the Court would rule on Plaintiff's Motion. Id.

On March 31, 2016, at the order of this Court, Plaintiff filed an itemized computation of attorneys' fees and costs incurred from February 23, 2016 through March 29, 2016. (Doc. No. 29 at 2.) In its itemized computation, Plaintiff asks this Court to enter judgment in Plaintiff's favor for the total sum of $3,240.00, comprised of $2,500.00 due to Plaintiff under the terms of the settlement agreement, and $740.00 in attorneys' fees and costs. Defendants did not file any objections.

### III. DISCUSSION

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Facebook, Inc. v. ConnectU, Inc., 2008 WL 8820476, at *2 (N.D.Cal. Jun. 25, 2008) (quoting Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)). "Once a settlement has been reached in a pending action, any party to the agreement may bring a motion to enforce it." Id. at *4 (citing Doi v. Halekulani Corp., 276 F.3d 1131, 1135 (9th Cir. 2002)). "[T]he court's enforcement powers include the inherent authority to order a party's specific performance of acts required by the settlement agreement and to award damages or other sanctions for noncompliance." Id. (citing TNT Mktg., Inc. v. Agresti, 796 F.2d 276, 278 9th Cir. 1986)); Makua v. Panetta, 2012 WL 2370620, at *2 (D.Hawai'i Feb.28, 2012) ("A breach or violation of a settlement agreement

entitles the non-breaching party to specific performance or an award of unliquidated damages, as appropriate.").

"The construction of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759–60 (9th Cir. 1990). As applicable here, "California has a strong policy in favor of enforcing settlement agreements." Facebook, 2008 WL 8820476, at *4 (citing Osumi v. Sutton, 151 Cal.App.4th 1355, 1357, 60 Cal.Rptr.3d 693 (2007)). California law provides:

> If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement.

Id. (quoting Cal.Civ.Proc.Code § 664.6). See Scott v. Napolitano, 2012 WL 2836186 (S.D.Cal. Jul. 10, 2010) (enforcing signed settlement agreement as complete and binding under California law); Bryant v. Amtrak, 2011 WL 291233 (S.D.Cal. Jan.26, 2011) (same). Further, "a settlement agreement 'must be interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting.'" Id. (quoting Roden v. Bergen Brunswig Corp., 107 Cal.App.4th 620, 625, 132 Cal.Rptr.2d 549 (2003)); see also Cal. Civ.Code, § 1636. "When the agreement is in writing, 'the intention ... is to be ascertained from the writing alone, if possible.'" Id. (quoting Brinton v. Bankers Pension Serv., Inc., 76 Cal.App.4th 550, 559, 90 Cal.Rptr.2d 469 (1999); see Cal. Civ.Code § 1639. Though "[a] settlement agreement, like any other contract, is unenforceable if the parties fail to agree on a material term or if a material term is not reasonably certain," Id. (quoting Lindsay v. Lewandowski, 139 Cal.App.4th 1618, 1622, 43 Cal.Rptr.3d 846 (2006)), "courts will not set aside contracts for mere subjective misinterpretation." Id. (quoting Hedging Concepts, Inc. v. First Alliance Mortgage Co., 41 Cal.App.4th 1410, 1421, 49 Cal.Rptr.2d 191 (1996)).

In the Ninth Circuit, courts can retain ancillary jurisdiction over settlement agreements in cases dismissed with prejudice, provided that the parties consent and the

retention of jurisdictions is in the order of dismissal.  See K.C. Torlakson, 762 F.3d 963, 967 (9th Cir. 2014).

Here, Defendants, by and through counsel, acknowledged that they fully understood the terms of the settlement and agreed to be bound by those terms.  Defendants raise no objection to the agreement's existence or terms.  Defendants have not asserted duress, fraud, or any other challenge to the agreement's validity or enforceability.  Rather, Defendants simply failed to perform.

On March 5, 2015, the District Judge dismissed this case with prejudice and expressly ordered, pursuant to the parties' joint request, that this Court shall retain jurisdiction over the settlement for 18 months from the date of the Order of Dismissal.  Therefore, this Court has jurisdiction to rule on Plaintiff's Motion.

## IV.     CONCLUSION

The Court finds that the settlement agreement is complete and binding, Defendants have failed to perform as promised pursuant to the terms of the agreement, and Defendants have failed to assert any basis for denying enforcement.  The Court also finds that Plaintiff's fees and costs incurred to enforce the settlement are reasonable and fair.  The Court hereby **GRANTS** Plaintiff's Motion to Enforce the Settlement Agreement.  The Clerk of this Court shall **ENTER JUDGMENT** in favor of Plaintiff in the amount of $3,240.00

Defendants are ORDERED to pay the following amount to Plaintiff by **May 25, 2016**:

//
//
//
//
//
//
//
//

1       a. Damages due Plaintiff: $2,500.00

2       b. Attorneys' fees: $740.00

3       c. Costs: $0.00

4       **Total: $3,240.00**

**IT IS SO ORDERED**.

Dated: April 25, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge